| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>J. Eric Kishbaugh Pro Se<br>21 Rollingwood Drive<br>Voorhees, New Jersey 08043<br>Tel. 856-625-8855<br>Email: ekishbaugh@comcast.net<br><br>In Re:<br>Thomas L. Berardi<br>Michelle D. Berardi<br><br>J. Eric Kishbaugh<br><br>               Plaintiff(s)<br>v.<br>Thomas L. Berardi<br><br>               Defendant(s) | U.S BANKRUPTCY COURT<br>FILED<br>CAMDEN, NJ<br><br>2018 SEP 27 A 9: 15<br><br>JEANNE A. [illegible]<br><br>BY: [signature]<br>DEPUTY CLERK<br><br>Case No.: 18-22631-ABA<br><br>Adv. No.: _____<br><br>Hearing Date: _____<br><br>Judge: _____ |

Adversary Plaintiff says by way against Debtor Thomas J. Berardi:

## JURISDICTION

This court has jurisdiction in this matter pursuant to USC Section 1332.

## FACTUAL BACKGROUND

1. In or about late 2008, Debtor Thomas L. Berardi, a building contractor, approached the Adversary Plaintiff to solicit investment funds for the purchase, renovation and resale of two (2) residential properties in Camden County, New Jersey.

2. Debtor Thomas L. Berardi represented that such properties could be purchased and renovated without great expense and sold, likely within a period of one (1) year. The prospective real estate venture was not the first in which the Adversary Plaintiff participated with Debtor Thomas L. Berardi; in a previous similar venture, Adversary Plaintiff invested funds for the purchase, renovation and resale of residential real estate with Debtor Thomas L. Berardi and the venture was successful for both parties.

3. Debtor Thomas L. Berardi represented further that he would purchase and renovate the subject properties which properties would thereafter be listed for sale with a licensed real estate broker.

4. In reliance upon the representations of Debtor Thomas L. Berardi, Adversary Plaintiff delivered funds for purchase, renovation and resale of the subject properties.

5. Debtor Thomas L. Berardi failed to either purchase or renovate the subject properties with the funds delivered by the Adversary Plaintiff. In or about 2011, after a protracted illness of Debtor Thomas L. Berardi, Adversary Plaintiff learned for the first time that such debtor had not used the proceeds as represented and agreed. Further, at that time, Debtor Thomas L. Berardi admitted that he delivered the funds to another individual and had not purchased either properties as was the agreement.

6. Accordingly, in early 2012 the Adversary Plaintiff continued legal actions against Defendant Thomas L. Berardi and TOBO LLC for fraud, misrepresentation and breach of contract. Such actions filed in the Superior Court of New Jersey, Law Division, Camden County under docket No:

7. On or about June 24, 2012, Adversary Plaintiff obtained Final Judgment by default against Debtor Thomas L. Berardi in the amount of $ 66,520.        .Such Final Judgment was entered under Docket J: 178282-12

8. The Final Judgment in favor of Adversary Plaintiff and against Debtor Thomas L. Berardi and TOBO LLC under Docket No. J- 178282-12  remains valid and in full force and effect and has not been paid, satisfied or otherwise discharged.

## FIRST COUNT
## (FRAUD AND MISREPRESENTATION)

9. Adversary Plaintiff represents the allegations of Paragraphs 1-8 as though the same were not set forth at length herein.

10. The obligation of Debtor Thomas L. Berardi to Adversary Plaintiff was induced and procured by fraud and misrepresentations and was reduced to judgment in the Superior Court of New Jersey, Law Division under Docket No.

11. By reasons of the entry of Final Judgment establishing that the obligation to Adversary Plaintiff was Adversary Plaintiff was induced and procured by fraud and representation, Debtor is not entitled to discharge the obligation and judgment due to Adversary Plaintiff.

WHEREFORE, Adversary Plaintiff demands the entry of an Order denying Debtor Thomas L. Berardi only a discharge of the debt, obligation due to or the judgment in favor of Adversary Plaintiff.

Date: September 27, 2018

J. Eric Kishbaugh, Esquire